EVANDER, J.
The State appeals from an order granting Corey Carter’s motion to suppress statements made during custodial interrogation. We reverse. The evidence presented at the suppression hearing does not support the trial court’s conclusion that Carter had made an unequivocal request for counsel.
Detective April Brunner was the only witness at the suppression hearing. She testified that Carter had been apprehended shortly after the victim reported being robbed at gunpoint by two males. Brunner had been advised by another officer that Carter “wanted to talk.” Brun-ner’s ensuing interview of Carter was recorded. The recording of the interview was admitted into evidence, but it was not played at the suppression hearing. A transcript of the interview was also provided to the trial judge, who then took the matter under advisement.
The recording reflects a casual, non-confrontational discussion in which Carter was initially uncertain as to whether he ■should talk to Detective Brunner prior to meeting with a public defender. The detective attempted several times to have Carter give a definitive answer as to whether he wanted to give a statement without counsel present, but Carter continued to equivocate:
I think I should wait to talk to my public defender, and then have a — -‘cause I wanna tell the truth, you know — the whole truth, you know, but um — .
Detective Brunner advised Carter more than once that he was not obligated to talk with her, and that she would end the interview any tíme he wanted. However, Carter continued to indicate that he might want to talk:
I mean I do [want to talk], but I don’t think I should. I want to, but—
Shortly following this exchange, Carter spontaneously asked whether police had found “the other guy.” When Detective Brunner answered in the affirmative, Carter began to discuss the incident. Detective Brunner interrupted Carter to confirm that he wanted to proceed with the interview:
Do you wanna just let me read you your rights, and then you can decide whether or- not you’re gonna talk or — or not?
After being advised of his Miranda[1] rights, Carter agreed to waive those rights and give a statement.
A trial court’s ruling on a motion to suppress is a mixed question of law and fact that should be reviewed using a two- *540 step approach — deferring to the trial court’s findings of fact provided they are supported by competent, substantial evidence, but reviewing de novo the trial court’s application of the law to the facts. Delhall v. State, 95 So.3d 134, 150 (Fla.2012). Although appellate courts accord a presumption of correctness to a trial court’s ruling on a motion to dismiss with regard to the determination of the facts, such deference does not fully apply where, as here, the findings are based primarily upon review of a transcript and audiotape as opposed to live testimony. See Almeida v. State, 737 So.2d 520, 524 n. 9 (Fla.1999) (“The trial court had no special vantage point in reviewing this tape. Based on our review of the transcript and tape, we conclude that the record evidence is legally insufficient to support the trial court’s finding.”); Thompson v. State, 548 So.2d 198, 204 n. 5 (Fla.1989) (“The trial court’s conclusion on this question will not be upset on appeal unless clearly erroneous; however, the clearly erroneous standard does not apply with full force in those instances in which the determination turns in whole or in part, not upon live testimony, but on the meaning of transcripts, depositions, or other documents reviewed by the trial court, which are presented in essentially the same form to the appellate court.”).
Police are not required to stop a custodial interrogation when a suspect has made an equivocal or ambiguous request for counsel. State v. Owen, 696 So.2d 715, 717-18 (Fla.1997). Thus, where the statement made by the suspect is such that a “reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel” the termination of questioning is not required. Davis v. United States, 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). In Davis, a suspect’s statement “maybe I should talk to a lawyer” was held to not constitute a request for counsel. Id. at 462, 114 S.Ct. 2350. Here, we similarly conclude that Carter’s statement that he “should” wait to talk to his attorney followed immediately by his assertion that he wanted to tell the “whole truth” was not an unambiguous or unequivocal request for counsel.
Alternatively, Carter argues that the trial court’s order should be upheld on the basis that he had invoked his right to remain silent. However, a suspect must communicate his desire to remain silent and end any questioning “with sufficient clarity that a reasonable police officer in the circumstances would understand the statement to be an assertion of the right to remain silent.” Owen, 696 So.2d at 718. Based on our review of the transcript and recording, we similarly conclude that Carter failed to make an unambiguous and unequivocal invocation of his right to remain silent. Indeed, the record reflects that when Carter began to spontaneously discuss the circumstances surrounding the alleged crime, Detective Brunner interrupted to ensure that he was voluntarily waiving his right to remain silent.
REVERSED and REMANDED.
TORPY and LAMBERT, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).