# Third District Court of Appeal
## State of Florida

Opinion filed March 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-95
Lower Tribunal No. F14-21152B
_____

**Renell Jones,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Daniel J. Tibbitt, P.A., and Daniel Tibbitt, for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and EMAS and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Ramirez v. State, 739 So. 2d 568, 575 (Fla. 1999) ("Whether the [*Miranda*] rights were validly waived must be ascertained from two separate inquiries: 'First, the relinquishment of the right must have been voluntary in the sense that it was the product of free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived'") (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)); State v. Owen, 696 So. 2d 715, 719 (Fla. 1997) (adopting the legal principle announced in Davis v. United States, 512 U.S. 452 (1994), and holding that "police in Florida need not ask clarifying questions if a defendant who has received proper *Miranda* warnings makes only an equivocal or ambiguous request to terminate an interrogation after having validly waived his or her *Miranda* rights"); Walker v. State, 957 So. 2d 560, 571 (Fla. 2007)("I think I may need a lawyer," held to be an equivocal request for counsel); Owen v. State, 862 So. 2d 687, 696-98 (Fla. 2003)("I don't want to talk about it" and "I'd rather not talk about it" held to be equivocal invocations of right to silence); Joseph v. State, 259 So.

2

3d 123 (Fla. 4th DCA 2018)( "I don't think it will be something for me to be, you know, maybe discussing certain things until maybe I get a lawyer" was not an unequivocal request for counsel); State v. Carter, 172 So. 3d 538, 540 (Fla. 5th DCA 2015) ("Maybe I should talk to a lawyer" was not an unequivocal request for counsel).  See also State v. Mallory, 670 So. 2d 103, 106 (Fla. 1st DCA 1996) ("An officer's indication that the defendant would benefit from cooperation is not sufficient to constitute coercion of the waiver" of Miranda rights) (citing State v. Manning, 506 So. 2d 1094, 1097 (Fla. 3d DCA 1987)).