# Third District Court of Appeal

## State of Florida

Opinion filed June 26, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2019
Lower Tribunal No. F19-14549
_____

**The State of Florida,**
Appellant,

vs.

**Stephen F. Myers,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellant.

Rothman & Associates, P.A., and David B. Rothman and Jeanne T. Melendez; The Bedell Firm, and Brian T. Coughlin (Jacksonville), for appellee.

Before SCALES, GORDO, and BOKOR, JJ.

BOKOR, J.

The State of Florida appeals the trial court's grant of Stephen Myers' motion to suppress incriminating statements relating to a second-degree murder charge based on a claimed Miranda[1] violation. The trial court found that the statements, which occurred during a police interrogation, were improperly elicited by continued questioning after Myers requested a lawyer. Because the record does not support the trial court's finding that Myers' request for a lawyer was clear and unequivocal, we reverse.

BACKGROUND

The pertinent facts are undisputed. Myers was arrested on suspicion of murder and taken into police custody. After being taken to an interview room and instructed to read his Miranda rights from a form and confirm that he understood them, Myers (who, at that point, was visibly upset and crying) mumbled, "I think I should have a lawyer." The officer responded by explaining that "you're going to want to explain some things" and that "you can start speaking. If at any point you think we're being mean to you or anything like that, then you can just tell us you don't want to talk to us anymore, okay?" Myers then asked, "[i]f I want a lawyer later on, can I get one?" and the officer answered in the affirmative. Myers then agreed to waive his Miranda rights and signed the written waiver. The officers proceeded to

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

2

question Myers for over 45 minutes, during which he made various incriminating statements and did not attempt to invoke his <u>Miranda</u> rights or cease questioning.

Myers later moved to suppress all statements or confessions made to police during the interview, arguing that his "I think I should have a lawyer" statement invoked his right to counsel and that questioning should have ceased at that point. The trial court agreed and granted the motion, finding that accounting for his general tone and demeanor, Myers expressed himself "clearly enough" to invoke his right to counsel under the circumstances, so any answers he gave after that point were inadmissible. This appeal followed.

<u>STANDARD OF REVIEW AND ANALYSIS</u>

"Suppression issues are extraordinarily rich in diversity and run the gamut from (1) pure questions of fact, to (2) mixed questions of law and fact, to (3) pure questions of law." <u>State v. Glatzmayer</u>, 789 So. 2d 297, 301 (Fla. 2001). When reviewing an order on a motion to suppress, we typically defer to the trial court's findings of fact where they are supported by competent substantial evidence. <u>Pagan v. State</u>, 830 So. 2d 792, 806 (Fla. 2002) ("As has often been stated, a trial court's ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness, and the

3

reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling."). However, "this deference to the trial court's findings of fact does not fully apply when the findings are based on evidence other than live testimony." Parker v. State, 873 So. 2d 270, 279 (Fla. 2004) (reviewing voluntariness of waiver of Miranda rights); see also Black v. State, 59 So. 3d 340, 344 (Fla. 4th DCA 2011) ("[W]e review the trial court's findings that are based on hearing each detective's live testimony under the ordinary 'competent and substantial evidence' standard. However, to the extent that the trial court's findings are based on viewing the interrogation DVD, which this court of course has also viewed, we utilize a much less deferential standard."); State v. Thornton, 286 So. 3d 924, 927 (Fla. 5th DCA 2019) (same). Thus, to the extent the trial court was required to make factual findings on disputed issues, we apply this less deferential standard with respect to the issue of whether the trial court correctly found that Myers invoked his Miranda rights during the interrogation.

More importantly though, here, the main issue before the trial court wasn't a factual determination, credibility determination, weighing of the evidence, or the like. Instead, the trial court was asked to determine whether a statement made during a recorded interrogation constituted an

4

unequivocal request invoking the right to counsel. Therefore, the trial court was asked to perform a legal function, not a fact-finding function, and apply the law to the facts as presented on the video interrogation. For "application of law to those facts" we entertain a de novo review. State v. Pitts, 936 So. 2d 1111, 1117 (Fla. 2d DCA 2006) (quoting Connor v. State, 803 So. 2d 598, 608 (Fla. 2001)); see also Allstate Fire & Cas. Ins. Co. v. Castro, 351 So. 3d 127, 130 (Fla. 1st DCA 2022) ("Questions of law and the application of legal principles to settled facts are 'subject to de novo review.'") (quoting in part Johnson v. Omega Ins. Co., 200 So. 3d 1207, 1213 (Fla. 2016)).

And the application of the law to the facts present require denial of the motion to suppress. Typically, "if, at any point during custodial interrogation, a suspect asks a clear question concerning his or her rights, the officer must stop the interview and make a good-faith effort to give a simple and straightforward answer." Almeida v. State, 737 So. 2d 520, 525 (Fla. 1999). However, police are not required to terminate an interrogation or clarify the suspect's wishes if the suspect makes only an "ambiguous" or "equivocal" invocation of Miranda rights. See Davis v. United States, 512 U.S. 452, 459 (1994) (declining to "require law enforcement officers to cease questioning immediately upon the making of an ambiguous or equivocal reference to an attorney"); State v. Owen, 696 So. 2d 715, 719 (Fla. 1997) (same). Here,

5

particularly in context with his subsequent questions about getting a lawyer "later on," Myers' "I think I should have a lawyer" statement constituted, at best, an equivocal statement. <u>See</u> <u>Walker v. State</u>, 957 So. 2d 560, 574 (Fla. 2007) (finding that suspect's pre-interrogation statement of "I think I might want to talk to an attorney" was equivocal); <u>Diaz v. Senkowski</u>, 76 F. 3d 61, 63, 65 (2d Cir. 1996) (finding that "do you think I need a lawyer?" statement was equivocal). Thus, the officers were not required to terminate the interrogation, and Myers' motion to suppress should've been denied.

Reversed and remanded.

SCALES, J., concurring.

I concur with reversing the trial court's suppression order but write separately to clarify the special standard of review that we employed in reviewing the challenged order in this case.

Police are not required to stop a custodial interrogation unless the suspect has made an unequivocal and unambiguous request for counsel. State v. Owen, 696 So. 2d 715, 717-18 (Fla. 1979). The standard for determining whether a defendant's invocation of Miranda is equivocal is an objective one:  whether a reasonable *police officer* under the circumstances would understand the statement to be a request for an attorney. Wilson v. State, 274 So. 3d 549, 553 (Fla. 5th DCA 2019) (citing Davis v. United States, 512 U.S. 452, 459 (1994)). If a suspect makes a statement referencing an attorney that is ambiguous or equivocal such that a reasonable police officer would understand only that the suspect *might* be invoking the right to counsel, questioning need not cease. Davis, 512 U.S. at 459. Hence, the circumstances surrounding a defendant's custodial statement are relevant to the inquiry, but only insomuch as they bear upon a reasonable police officer's understanding of a defendant's statements.

7

The trial court, after viewing a video of Myers's interrogation, determined that Myers's alleged invocation of <u>Miranda</u> – "I think I should have a lawyer" – was unequivocal. As is evident by its written suppression order, the trial court, in making its suppression determination, took into consideration several circumstances surrounding the interrogation:

> I have seen the video of the interrogation of Mr. Myers. I agree with the interrogating detective that it shows a subject who is emotionally overwrought. But Mr. Myers was able to express himself clearly enough. Considering not only his choice of words, but also his demeanor, his manner of expression, the context of his statement, and other like-kind factors, I conclude that *Mr. Myers did all that was required of him to invoke his right to counsel*.

(Emphasis added).

To be clear, we are not second-guessing nor disturbing the trial court's observations regarding Mr. Myers's demeanor, manner of expression, etc. But the trial court's order does nothing to explain how these circumstances – i.e., the defendant's demeanor, manner of expression, context of his statement, and other like-kind factors – in any way would have affected a reasonable police officer's understanding of Myers's statement, "I think I should have a lawyer."

The trial court made no factual findings regarding why or how such circumstances would cause a reasonable police officer to have understood Myers's statements as an unequivocal invocation of Myers's right to counsel.

8

In fact, it appears as though the trial court focused its inquiry not upon whether the interrogating officer understood Myers's statement to be an unequivocal invocation of right to counsel, but rather, on *Myers's intentions* in making the statement. Indeed, the trial court's order summarizes Myers's argument as follows:

> The defense takes the position that Mr. Myer's [sic] wording constitutes just such an unequivocal assertion to his right to counsel. In the defense view, Mr. Myers had done his contemplating and was stating the conclusion that was the fruit of that contemplation. *What he meant to convey* was that, having mulled over the options available to him, he had decided that he wanted a lawyer.

(Emphasis added).

Because the challenged order contained no specific findings regarding how the circumstances surrounding Myers's statement would have been understood by a reasonable police officer, this Court undertook what amounted to a *de novo* review of the same video reviewed by the trial court. Upon such review, we found no competent, substantial evidence in the video footage that would support a finding that a reasonable police officer would have, under the circumstances, understood Myers's statement – "I think I should have a lawyer" – to be anything but equivocal and ambiguous.

Even if the trial court had made a specific factual finding that the circumstances surrounding Myers's statement would have led a reasonable

police officer to believe Myers unequivocally invoked his right to counsel, our traditional deference to the trial court's factual findings probably would not have applied in this case.[2] When, as here, the findings are based mainly on review of a videotape, the trial court has no superior vantage point from that of the appellate court. See Almeida v. State, 737 So. 2d 520, 524 n.9 (Fla. 1999) ("The trial court had no special vantage point in reviewing this tape. Based on our review of the transcript and tape, we conclude that the record evidence is legally insufficient to support the trial court's finding."); State v. Carter, 172 So. 3d 538, 540 (Fla. 5th DCA 2015) (citing Almeida and reversing a trial court suppression order that concluded that a defendant's statement – "I think I should wait to talk to my public defender" – constituted an unequivocal invocation of right to counsel).

In sum, while the trial court's suppression order contained conclusory observations regarding Myers's demeanor, manner of expression, etc., to the extent that those observations constitute findings of fact, the trial court did not relate those findings to the relevant inquiry. The relevent inquiry is whether a reasonable police officer would understand Myers's statement – "I think I should have a lawyer" – as an unequivocal invocation of right to

_____

[2] Ordinarily, we defer to the trial court's findings of fact so long as those findings are supported by competent, substantial evidence. Wilson v. State, 274 So. 3d 549, 552 (Fla. 5th DCA 2019).

counsel. And even if the trial court had related those findings to the relevant inquiry, it is likely that we would not have afforded the traditional deference we generally afford to such findings because the trial court had no superior vantage point from that of this Court.